FILED

**January 17, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 3:15 P.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Jamal Darraj | ) Docket No. 2015-01-0339 |
| | ) |
| v. | ) |
| | ) State File No. 55851-2015 |
| McKee Foods Corporation, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Audrey A. Headrick, Judge | ) |

---

### Affirmed and Certified as Final – January 17, 2017

---

The employee sought workers' compensation benefits arising from a gradual, repetitive injury to his hands and arms, a traumatic sprain/strain to his hands and arms, a traumatic aggravation of his pre-existing upper extremity arthritis, or some combination thereof. The authorized treating physician opined that the employee's condition was not primarily caused by his work activities. The employee presented expert opinions suggesting that his condition was primarily caused by his employment. Following a trial, the court denied the employee's claim, concluding that the medical evidence offered by the employee did not overcome the presumption of correctness accorded the authorized treating physician's opinion. Having carefully reviewed the record, we affirm the determination of the trial court, dismiss the employee's claim, and certify the compensation order as final.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Jamal Darraj, Ringgold, Georgia, employee -appellant, pro se

J. Bartlett Quinn, Chattanooga, Tennessee, for the employer-appellee, McKee Foods Corp.

## Factual and Procedural Background

Jamal Darraj ("Employee"), a fifty-nine-year-old resident of Ringgold, Georgia, alleged an injury to his hands and/or wrists arising primarily out of and in the course and scope of his employment with McKee Foods Corporation ("Employer") in Hamilton County, Tennessee. It is unclear from Employee's statements and filings the precise theory of recovery. He sought workers' compensation benefits for a gradually-occurring repetitive trauma to his hands, an acute traumatic sprain/strain to his wrists, an aggravation of his pre-existing upper extremity arthritis, or some combination thereof. He alleges the injury occurred and/or his condition became symptomatic on July 19, 2015, when he was feeding cardboard into a machine called a "former," which shaped the cardboard into boxes. Due to defective cardboard or a machine malfunction, he was required to repetitively bend the cardboard so it would feed into the machine properly. After doing this for some period of time, he suffered pain in both wrists and thumbs, and he reported the incident that day.

Employee was provided a panel of physicians from which he chose Dr. Marshall Jemison. Because Dr. Jemison was not immediately available, Employer authorized an initial visit with Dr. McKinley Lundy so Employee could be seen more quickly. Dr. Lundy saw Employee on July 21, 2015 for complaints of bilateral wrist pain. Employee acknowledged having had a previous right carpal tunnel release, but he denied any symptoms in either wrist for a substantial period of time prior to July 19, 2015. Dr. Lundy diagnosed Employee with bilateral wrist sprain and bilateral forearm strain and referred him for physical therapy. He allowed Employee to return to work with restrictions.

Employee first saw Dr. Jemison on July 30, 2015, at which time Dr. Jemison noted his bilateral wrist pain was not the result of a particular injury, but he had been doing "more" with his hands and wrists when his symptoms began. Dr. Jemison diagnosed Employee with arthritis of the thumbs and wrists and opined he "[did] not believe that these conditions [were] primarily related to his work activities as there was no injury and his arthritis is very significant." Upon receipt of this opinion, Employer denied the claim, asserting Employee's condition did not arise primarily out of the employment.

Employee then sought an opinion from Dr. Joseph Burton, a forensic pathologist, who provided his assessment in an undated note. Dr. Burton opined, "[Employee] actually has an injury and this injury is easily related to events occurring in his job place and his work." He further stated it was "remarkable to [him] that a trained medical doctor of any specialty reviewing the history and symptoms of [Employee] would not see the obvious connection between his work activity, the event of July 19, 2015, and his current exaggerated symptoms of pain in his hand, wrist and forearm." He observed that the July 19, 2015 event "overstressed" Employee's hands and wrists and "created the acute onset of symptoms." He concluded Employee's current condition "is associated

2

with his assembly line work and specifically [with] an event occurring on July 19, 2015 that precipitated the acute onset of increased pain and symptoms."

Employee sought treatment on his own with Dr. Edward Holliger, an orthopedic surgeon. On September 21, 2015, Dr. Holliger recommended injections and opined that Employee's complaints were work-related. Employee reported no improvement following the injections, and Dr. Holliger then referred him for physical therapy. On December 14, 2015, Employee returned to Dr. Holliger with persistent complaints of wrist and hand pain. Dr. Holliger stated that Employee's complaints were work-related, opining, "[h]e has problems that are greater than 50% attributable to his work and work activities over the last many years." Dr. Holliger did not causally relate Employee's condition to an acute event on July 19, 2015.

Thereafter, Employer sought a medical records review from Dr. John Gracy, also an orthopedic surgeon. On February 19, 2016, Dr. Gracy issued a report that noted the differing opinions with respect to the cause of Employee's condition. He summarized several medical studies that sought to confirm a causal link between repetitive motion in the workplace and the development or aggravation of arthritic conditions, with conflicting results. Dr. Gracy explained there are multiple risk factors for arthritis and ultimately opined, "although [Employee's] job may have contributed to his arthritis, it is not the primary and/or sole cause."

Employee returned to Dr. Jemison on March 3, 2016, asking Dr. Jemison to reconsider his opinion in light of the reports from Dr. Burton and Dr. Holliger. Dr. Jemison's record reflects that he told Employee he would provide treatment "outside of the Workers' Compensation System as [he is] obligated to abide by Tennessee State Law." Dr. Jemison further observed that Employee and his wife "do not like [his] opinion and [he has] urged them to find a physician who is well versed in Tennessee State Workers' Compensation laws who is a hand surgeon to formulate another opinion."

The case was tried on September 15, 2016. Employee and his wife were the only witnesses to testify, and Employee argued that the opinions of Dr. Burton and Dr. Holliger supported his position that his condition was causally related to his employment.[1] In addition, he asserted that Dr. Jemison's opinion should be discounted because he had initially diagnosed Employee with a sprain/strain-type injury only to opine later that no injury had occurred. Employee argued Dr. Jemison's various statements are inconsistent and the opinions of Dr. Holliger and Dr. Burton rebutted the presumption of correctness accorded Dr. Jemison's opinion. Conversely, Employer maintained that Employee had not presented sufficient evidence to rebut the presumption

---

[1] The medical records of Drs. Jemison, Burton, Holliger, and Gracy were admitted into evidence during the trial. In addition, Employee offered into evidence partially completed Standard Form Medical Reports (Form C-32's) of Drs. Burton and Holliger.

of correctness attached to Dr. Jemison's opinion, which was further supported by Dr. Gracy's records review.

On October 7, 2016, the trial court issued an order denying Employee's request for workers' compensation benefits. The trial court observed that Employee had submitted Standard Form Medical Reports (Form C-32's) filled out by Drs. Burton and Holliger to be used as evidence in lieu of deposition testimony. However, the reports were incomplete in that they failed to include the fourth page of each form, which addresses the causation standard applicable for injuries occurring on or after July 1, 2014. The trial court found that, because page 4 was missing from each Form C-32, it could not conclude Employee had presented sufficient evidence to rebut the presumption of correctness accorded Dr. Jemison's causation opinion.

Employee appealed the trial court's order, asserting that the physicians had completed the missing pages and offered causation opinions supporting his claim, and he attached those pages to his notice of appeal. Employer filed a motion to exclude the attached pages, arguing the additional pages were submitted too late. Employee responded that he believed he could present those pages on appeal because the trial court informed him during the trial he could submit the missing pages late.[2] Employer moved that the case be remanded to the trial court for the limited purpose of determining whether the new evidence filed with the notice of appeal should be excluded. Upon remand, the trial court determined those pages were not admissible and issued an order excluding them. The record on appeal has been supplemented with the trial court's order.

### Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;
(B)    Exceed the statutory authority of the workers' compensation judge;
(C)    Do not comply with lawful procedure;
(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or

---

[2] During its discussion with Employee regarding the missing pages from the Form C-32's, the trial court stated, "Regarding your comment about the missing page[s], it's certainly your choice as to whether or not you choose to try and file something late. And, should you do that, you would file it with the clerk; and Mr. Quinn would have an opportunity to object to it."

(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

A trial court's decision concerning the assessment of competing expert medical opinions is reviewed under an abuse of discretion standard. *Sanker v. Nacarato Trucks, Inc.*, No. 2016-06-0101, 2016 TN Wrk. Comp. App. Bd. LEXIS 27, at *12 (Tenn. Workers' Comp. App. Bd. July 6, 2016). An appellate court may "find an abuse of discretion only if the [trial] court 'applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party.'" *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011) (citations omitted). In reviewing a trial court's exercise of discretion, we presume the trial court is correct and consider the evidence in a light most favorable to upholding the decision. *Lovlace v. Copley*, 418 S.W.3d 1, 16-17 (Tenn. 2013). "[W]e will not substitute our judgment for that of the trial court merely because we might have chosen another alternative." *Johnson v. Walmart Assocs., Inc.*, No. 2014-06-0069, 2015 TN Wrk. Comp. App. Bd. LEXIS 18, at *17 (Tenn. Workers' Comp. App. Bd. July 2, 2015). That said, such decisions "require a conscientious judgment, consistent with the facts, that takes into account the applicable law." *White v. Beeks*, 469 S.W.3d 517, 527 (Tenn. 2015).

**Analysis**

At trial, an injured employee must prove every essential element of his or her claim for workers' compensation benefits by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2016); *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). To be compensable under the workers' compensation statutes, an injury must arise primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(14) (2014). This requirement is satisfied "only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). An injury causes "disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C). The phrase "reasonable degree of medical certainty" means that, "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D). Finally, "[t]he opinion of the treating physician, selected by the employee from the employer's designated panel of physicians . . . shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(14)(E).

5

In the present case, the trial court was faced with competing expert medical opinions. The authorized treating physician, Dr. Jemison, opined that Employee suffered from degenerative arthritis, but that this condition was "not primarily related to his work activities as there was no injury and his arthritis is very significant." This opinion is entitled to a presumption of correctness pursuant to Tennessee Code Annotated section 50-6-102(14)(E). Employer also offered the opinion of Dr. Gracy, who opined that "although [Employee's] job may have contributed to his arthritis, it is not the primary and/or sole cause."

Conversely, Employee offered the report of Dr. Burton, who opined that "clearly [Employee's] symptomatology was precipitated by the event which he described on July 19." He also concluded that "[t]he July 19 event simply overstressed this area and created the acute onset of symptoms." Dr. Burton then stated, "[t]here is absolutely no doubt that [Employee's] current debility is associated with his assembly line work and specifically by an event occurring July 19, 2015 that precipitated the acute onset of increased pain and symptoms." Employee also offered the report of Dr. Holliger, who concluded that Employee's arthritic condition "is greater than 50% caused/associated with cumulative trauma from rapid, forceful, repetitive work." However, the Form C-32's of Employee's experts, which were offered by Employee as expert medical evidence in lieu of depositions, were missing page 4, on which each physician had the opportunity to express a causation opinion consistent with the requirements of Tennessee Code Annotated section 50-6-102(14) (2016). The trial court denied Employee's post-judgment efforts to append these pages to the evidence.

"In evaluating expert medical opinions, a trial judge may consider, among other things, the qualifications of the experts, the circumstances of their evaluation, the information available to them, and the evaluation of the importance of that information by other experts." *Venable v. Superior Essex, Inc.*, No. 2015-05-0582, 2016 TN Wrk. Comp. App. Bd. LEXIS 56, at *6 (Tenn. Workers' Comp. App. Bd. Nov. 2, 2016). "A trial judge has the discretion to conclude that the opinion of one expert should be accepted over that of another expert." *Sanker*, 2016 TN Wrk. Comp. App. Bd. LEXIS 27, at *11-12 (citation omitted). As stated by the Tennessee Supreme Court, "[w]hen faced . . . with conflicting medical testimony . . ., it is within the discretion of the trial judge to conclude that the opinion of certain experts should be accepted over that of other experts and that it contains the more probable explanation." *Thomas v. Aetna Life and Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991) (citation omitted) (internal quotation marks omitted). Thus, a trial court's determination regarding the relative weight to be given to expert medical opinions should be affirmed by a reviewing court unless the reviewing court concludes the trial court abused its discretion. In the present case, we are unable to conclude that the trial court's decision constitutes an abuse of discretion.

Employee argues that his status as a self-represented litigant and his limited use of the English language presented barriers that "denied [him] essential assistance" in

prosecuting his case. It is well-settled, however, that pro se litigants must comply with the same standards to which represented parties must adhere. *See, e.g.*, *Bates v. Command Ctr., Inc.*, No. 2014-06-0053, 2015 TN Wrk. Comp. App. Bd. LEXIS 10, at *3 (Tenn. Workers' Comp. App. Bd. Apr. 2, 2015). As one court has observed,

> [p]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Akard v. Akard*, No. E2013-00818-COA-R3-CV, 2014 Tenn. App. LEXIS 766, at *11 (Tenn. Ct. App. Nov. 25, 2014). Accordingly, while we acknowledge the legitimate challenges faced by a party who proceeds without an attorney, we cannot relax the standards of proof or excuse evidentiary deficiencies. In the present case, while reasonable minds may differ concerning the relative weight to be given the various expert medical opinions offered at trial, we cannot conclude the trial court abused its discretion in accrediting the medical opinions presented by Employer or otherwise erred in its weighing of the evidence.

## Conclusion

The trial court's decision is affirmed, the case is dismissed, and the trial court's compensation order is certified as final.

7



FILED

January 17, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 3:15 P.M.

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Jamal Darraj | ) Docket No. 2015-01-0339 |
| | ) |
| v. | ) |
| | ) State File No. 55851-2015 |
| McKee Foods Corporation, et al. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 17th day of January, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Jamal Darraj | | | | | X | Martjamal2000@yahoo.com |
| J. Bartlett Quinn | | | | | X | bquinn@chamblisslaw.com |
| Audrey A. Headrick, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov